| | |
|---|---|
| 1 | McGREGOR W. SCOTT<br>United States Attorney |
| 2 | JOSHUA VANN<br>Special Assistant United States Attorney |
| 3 | Death Valley National Park<br>P.O. Box 579 |
| 4 | Death Valley, CA 92328<br>Telephone: (760) 786-3293 |
| 5 | |
| 6 | Attorneys for the<br>United States of America |
| 7 | |
| 8 | |
| 9 | IN THE UNITED STATES DISTRICT COURT |
| 10 | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | | |
|---|---|---|
| 12 | UNITED STATES OF AMERICA, | CASE NO. 5:17-PO-00104-JLT |
| 13 | Plaintiff, | MEMORANDUM OF PLEA AGREEMENT PURSUANT TO RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| 14 | v. | |
| 15 | MICHAEL SALSMAN, | DATE: TBD |
| 16 | Defendant. | TIME: TBD<br>CTRM: Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Special Assistant United States Attorney Joshua Vann, and Defendant MICHAEL SALSMAN, and his attorney, Monica Bermudez, have agreed as follows.

This document contains the complete Memorandum of Plea Agreement ("Plea Agreement") between the United States Attorney's Office for the Eastern District of California ("Government") and MICHAEL SALSMAN regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

MEMORANDUM OF PLEA AGREEMENT         1

1. Charges.

The defendant acknowledges that he has been charged in a four count Information, as follows;

Count 1: Reckless driving in violation of 36 C.F.R. § 4.2(b) CVC 23103(a) (Class B Misdemeanor)

Count 2: Unsafe operation in violation of 36 C.F.R. § 4.22(b)(1) (Class B Misdemeanor)

Count 3: Possession of a controlled substance-Marijuana (Greater than 1oz) in violation of 36 C.F.R. § 2.35(b)(2) (Class B Misdemeanor)

Count 4: Failure to pay park entrance fee in violation of 36 C.F.R. § 2.23(b) (Class B Misdemeanor)

2. Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the Information, and his attorney has fully explained the charges to him. Further, the defendant fully understands the nature and elements of the crimes, together with the possible defenses thereto, and has discussed them with his attorney.

THE CHARGES:

The elements of the crime of reckless driving are:

First, the defendant drives a vehicle upon a highway

Second, in willful or wanton disregard for the safety of persons or property

The elements of the crime of unsafe operation are:

First, the defendant operated a motor vehicle

Second, without due care or at a speed greater than that which is reasonable and prudent considering road character

The elements of the crime of possession of a controlled substance-Marijuana are:

First, the defendant possessed a controlled substance (Marijuana 39.6g)

Second, the controlled substance was not allowed by federal law

The elements of the crime failure to pay park entrance fee are:

First, the defendant entered a designated entrance fee area

Second, the defendant did not pay the required fees and did not possess the applicable permit

3. <u>Agreements by the Defendant.</u>

(a) Defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to the four count Information which charges him with Reckless driving in violation of 36 C.F.R. § 4.2(b) CVC 23103(a); Unsafe operation in violation of 36 C.F.R. § 4.22(b)(1); Possession of a controlled substance-Marijuana (Greater than 1oz) in violation of 36 C.F.R. § 2.35(b)(2); and Failure to pay park entrance fee in violation of 36 C.F.R. § 2.23(b).

(c) Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(d) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, forfeiture order, restitution imposed, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, forfeiture order, restitution imposed, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, or otherwise. The defendant further agrees not to contest his plea, conviction, forfeiture order, restitution imposed, and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255 or §2241, except for non-waivable claims.

(e) Defendant further acknowledges that his plea of guilty is voluntary and that no

force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(g) If the defendant's conviction on the count to which he is pleading is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right to: (1) prosecute the defendant on any of the counts to which he pleaded guilty; (2) reinstate any counts that may be dismissed under this agreement; and (3) file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, without limitation, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after his Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United Sates Constitution, any statute, the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

(h) Defendant recognizes that pleading guilty may have consequences with respect to his immigration status because he is not a citizen of the United States. The defendant's plea to the violation herein may subject him to automatic deportation and removal from the United States. See 8 U.S.C. § 1227(a)(1), et seq. Defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States after completing any sentence of incarceration due to his plea.

4. Agreements by the Government.

(a) The Government agrees to recommend a sentence that includes: (1) pay a fine of $960 and a special assessment of $40.00 for a total financial obligation of $1,000.00; and (2) twelve (12) months of unsupervised probation, with conditions to include: paying any fine ordered by the court and obey all laws. The term "obey all laws" as used herein means all federal, state and local laws. An offense that can be charged only as an infraction will not be considered a "violation of the law" within the meaning of this agreement.

(b) The Government makes no representations to defendant other than those contained in the plea agreement.

5. Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crime set forth in the single-count Information. Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

**On or about March 13, 2017, at Death Valley National Park, in the State and Eastern District of California, the Defendant, MICHAEL SALSMAN, knowingly entered Death Valley National Park, through a designated entrance fee area, without paying the required entrance fees. When being contacted by law enforcement, SALSMAN drove his vehicle on a highway in willful or wanton disregard for the safety of persons or property and without due care at a speed of approximately 100 miles per hour which was not reasonable and prudent given road character, being curvy. Upon being contacted by law enforcement, SALSMAN, did have in his possession marijuana in excess of 1 oz, specifically 39 grams, all in violation of 36 C.F.R.**

§ 4.2(b) CVC 23103(a), 36 C.F.R. § 4.22(b)(1), 36 C.F.R. § 2.35(b)(2), 36 C.F.R. § 2.23(b)

6. Potential Sentence.

The following is the maximum potential sentence which the defendant faces for each individual count in this agreement:

(a) Imprisonment: Six (6) Months.

(b) Fine: Five thousand dollars ($5,000.00).

(c) Both such fine and imprisonment.

(c) Penalty Assessment: Ten dollars ($10.00).

7. Waiver of Rights.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial would be a trial by a judge sitting without a jury.

(b) The judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of the defendant's guilt beyond a reasonable doubt.

(c) At a trial, by a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his

MEMORANDUM OF PLEA AGREEMENT 6

waiver of those rights.

8. Questions by Court.

Defendant understands that if the Court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9. Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10. Court Not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the Information.

Dated: February 7, 2018

McGREGOR W. SCOTT
United States Attorney

By: /s/ Joshua Vann
JOSHUA VANN
Special Assistant U.S. Attorney

Dated: _____, 2018

/s/ Michael Salsman
MICHAEL SALSMAN
DEFENDANT

Dated: _____, 2018

/s/ Monica Bermudez
MONICA BERMUDEZ
ATTORNEY FOR DEFENDANT

| | |
|---|---|
| 1 | **ORDER** |
| 2 | Based upon the plea agreement, the Court **ORDERS**: |
| 3 | 1. The plea agreement is accepted as set forth above and ordered into effect; |
| 4 | 2. The defendant **SHALL** pay the fine amount and the special assessment in the total |
| 5 | amount of $1,000, no later than **February 28, 2019**; |
| 6 | 3. The hearing set on March 6, 2018 is **VACATED**. |

IT IS SO ORDERED.

Dated: **March 1, 2018**          /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE